

FILED

SEP - 3 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

RONALD LEE BROWN, #371120,

        Petitioner,

v.                          CIVIL ACTION NO. 2:09cv5

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons set forth herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On January 29, 2007, Petitioner, Ronald Lee Brown ("Brown"), was convicted in the Circuit Court for the City of Portsmouth, after a bench trial, of one count of possession with intent to distribute heroin. He was sentenced to serve twenty-five (25) years in prison, of which five (5) years were suspended, and was

fined $10,000, as reflected in the court's sentencing order entered on March 30, 2007.

Brown failed to file a direct appeal of his conviction to the Virginia Court of Appeals. However, on or about September 27, 2007, Brown filed a Motion for Leave to Pursue a Delayed Appeal with the Virginia Court of Appeals. On December 12, 2007, the Court of Appeals denied the motion without prejudice because "the affidavit submitted with the motion for a delayed appeal fails to comply with the requirement of the statute that counsel affirmatively certify that 'the appellant is not personally responsible, in whole or in part, for the error, neglect, or fault causing loss of the original opportunity for appeal.'" Resp't's Br. Supp. Mot. Dismiss Ex. 1.

On May 19, 2008, Brown filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Brown asserted two claims of ineffective assistance of counsel and one claim that the trial court erred because the evidence against him was insufficient to support a conviction for possession with intent distribute heroin. On November 20, 2008, the Supreme Court of Virginia entered an order granting Respondent's Motion to Dismiss and denying Brown's petition for a writ of habeas corpus.[1]

_____

[1] The Supreme Court of Virginia concluded that neither of Brown's ineffective assistance of counsel claims satisfied the two-

On or about December 19, 2008,[2] while in the custody of the Greensville Correctional Center, in Jarratt, Virginia, Brown executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This Court conditionally filed the petition on January 6, 2009. On February 6, 2009, Brown submitted the $5.00 filing fee, and on February 23, 2009, the Court ordered that the petition be filed. On March 27, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(K). Brown filed a Response to Respondent's Motion to Dismiss on April 14, 2009.[3]

---

part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Additionally, the Supreme Court of Virginia held that Brown's third claim was procedurally defaulted because the issue could have been raised at trial and on direct appeal and, thus, was not cognizable in a petition for a writ of habeas corpus. <u>Slayton v. Parrigan</u>, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975).

[2]  Brown signed and dated the petition on Friday, December 19, 2008; however, it was not postmarked until Monday, December 22, 2008. This report and recommendation assumes, without finding, that the petition was placed in the prison mail system, and therefore executed, on December 19—the day it was signed.

[3]  In his Response to Respondent's Motion to Dismiss, Brown made a cursory request for an evidentiary hearing. Pet'r's Resp. Resp't's Mot. Dismiss 4 [hereinafter Pet'r's Resp.]. However, no Motion for an Evidentiary Hearing was filed and Brown provided no indication of what he would seek to establish or discover through an evidentiary hearing. Furthermore, the Court concludes that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised.

## B. <u>Grounds Alleged</u>

Brown asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) His counsel, Michelle Hawkins, was ineffective because she failed to file a notice of appeal on his behalf and was operating under a conflict of interest;

(b) His trial counsel, Amarnath Meda, was ineffective because he failed to adequately argue that Brown was not in possession of the heroin; and

(c) The trial court erred in convicting him of possession with intent to distribute because the evidence did not prove that he was in possession of the heroin.

Brown's petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on May 19, 2008, asserted the same claims for relief as alleged in the instant petition. As discussed above, the Supreme Court of Virginia dismissed that petition on November 20, 2008.

## II.  <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that all of Brown's claims are exhausted, but that claim (c) is procedurally defaulted.  Upon review of the merits, the Court RECOMMENDS that claims (a) and (b) be DENIED and DISMISSED.[4]

_____

[4] The Respondent assumes that Brown's petition for a writ of habeas corpus in this Court was timely filed but in a footnote expresses some doubt about whether the petition was actually filed within the applicable statute of limitations.  Resp't's Br. Supp. Mot. Dismiss 2 n.1 ("Because this petition is otherwise without

4

## A. Exhaustion

Notwithstanding the timeliness of Brown's claims, in order for this Court to address the merits of Brown's claims, all of his claims must be exhausted. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). To be considered exhausted, the claim must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal

---

merit, respondent assumes, without conceding, that this petition has been timely filed."). Because the Respondent does not affirmatively raise the statute of limitations as a defense, the Court declines to consider it. See Day v. McDonough, 547 U.S. 198, 209 (2006) (holding "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"); id. at 210 ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

quotations omitted), cert. denied, 522 U.S. 833 (1997). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Id. at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review.   Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000), cert. denied, 530 U.S. 1285 (2000).

Respondent asserts that all of Brown's claims are exhausted because they were presented to the Supreme Court of Virginia in Brown's state habeas petition. Resp't's Br. Supp. Mot. Dismiss 4. This Court concurs and FINDS that all of Brown's claims are exhausted.

## B.  **Procedural Default**

Although all of Brown's claims are exhausted, Respondent asserts that claim (c) is procedurally defaulted because it was not raised on direct appeal in the Supreme Court of Virginia and was, therefore, barred from state court review pursuant to Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974).[5]   Resp't's

---

[5] Slayton holds that claims that could have been raised at trial or on direct appeal, but were not, and that do not concern jurisdictional issues, cannot be addressed in habeas corpus proceedings.  215 Va. at 30.

Br. Supp. Mot. Dismiss 5. This Court concurs.

The Supreme Court of Virginia denied claim (c) pursuant to Slayton. See R. No. 081054. Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in federal court. Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Thus, claim (c) is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

### 1. Limited Exceptions to Procedural Default

Although Brown's claim (c) is procedurally defaulted, he may still obtain review of his claim if he establishes either: (1) "cause for the default and demonstrate[s] actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice" because, for instance, he is actually innocent of the crimes for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); see also Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). The Fourth Circuit

identified the following factors as among those which may
constitute "cause":

> (1) "interference by officials that makes
> compliance with the State's procedural rule
> impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) the
> novelty of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S.
467, 493-94 (1991)). An absence of due diligence by the petitioner
will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d
1350, 1354 n.1 (4th Cir. 1996).

Brown argues that he should be excused from procedural default
on claim (c) because his failure to file a direct appeal in which
he could raise the claim was a result of ineffective assistance of
counsel. As discussed below, the Court finds that the failure to
note an appeal did not constitute ineffective assistance of counsel
in this case.

Brown further argues that he should be excused because the
Virginia Court of Appeals's denial of his Motion for Leave to
Pursue a Delayed Appeal was due to the failure of his counsel on
appeal, Brenda Spry ("Spry"), to obtain an affidavit from
sentencing counsel, Michelle Hawkins ("Hawkins"). However, the
motion and accompanying affidavit of Spry make clear that she

8

attempted to obtain an affidavit from Hawkins but that Hawkins refused to provide such documentation. Brown's argument fails to satisfy either the "performance" prong or the "prejudice" prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Therefore, Brown cannot prove cause and prejudice or miscarriage of justice and, accordingly, claim (c) of Brown's petition remains procedurally defaulted.

The Court FINDS that claim (c) is procedurally defaulted under Virginia law and is therefore barred from this Court's review. The Court recommends that claim (c) be DENIED and DISMISSED.

### C. **Merits**

The Court now considers claims (a) and (b) on the merits. In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that the court's decision on the merits was "legally or factually unreasonable." Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court

is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the petitioner has the burden to rebut that "presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

### 1.   Claim (a) - Ineffective Assistance of Counsel Because of Failure to Note Appeal and Conflict of Interest

In claim (a), Brown alleges that his counsel, Hawkins, was ineffective because she failed to note an appeal on his behalf. The controlling standard for ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the Court is required to subject Brown's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

Hawkins represented Brown during sentencing on March 30, 2007, after Brown's trial counsel, Amarnath Meda ("Meda"), resigned from the Portsmouth Office of the Public Defender.   After Brown's sentencing, Hawkins discussed the possibility of appeal with Brown and sent him a letter explaining his right to appeal and requesting that he contact her to discuss how to proceed.   It is undisputed that Brown did not respond to the letter, but he argues that he

11

requested an appeal during their prior discussion and "presumed that the appeal would be noted." Brown Mot. Delayed Appeal Aff. ¶ 4. Respondent asserts that at the time of their discussion, Brown told Hawkins that he was undecided and never requested that an appeal be filed on his behalf.

The Supreme Court of Virginia concluded that Brown "failed to establish that he objectively and timely demonstrated his intent to appeal." R. No. 081054. This factual determination is entitled to substantial deference under the AEDPA, and Brown can only rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Tucker, 350 F.3d at 439. Brown's only evidence is the conclusory statement that "immediately following sentencing . . ., petitioner clearly and explicitly notified his trial counsel, [M]ichelle Hawkins, that he wished for her to note his appeal." Pet'r's Resp. 1. This is far from the clear and convincing evidence required to set aside the Supreme Court of Virginia's finding that there was no objective request to file an appeal. Therefore, Brown's claim of ineffective assistance of counsel for a failure to note an appeal is meritless.

Brown further alleges, in claim (a), that Hawkins's representation was ineffective because of a conflict of interest. When a habeas petitioner claims ineffective assistance of counsel

12

because of his attorney's conflict of interest, the test enunciated in <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980), applies rather than the two-prong <u>Strickland</u> test. <u>Fullwood v. Lee</u>, 290 F.3d 663, 689 (4th Cir. 2002). "On a conflict-of-interest claim, petitioner must show (1) that his attorney had 'an actual conflict of interest' and (2) that the conflict of interest 'adversely affected his lawyer's performance.'" <u>Id.</u> (quoting <u>Sullivan</u>, 446 U.S. at 348). If the petitioner demonstrates that his attorney's actual conflict of interest adversely affected his attorney's performance, then the petitioner is not required to make a separate showing of prejudice under <u>Strickland</u>. <u>Id.</u>

Brown alleges that Hawkins represented him under a conflict of interest because she was seeking employment with the Commonwealth's Attorney's Office at the time of his sentencing and that she later secured such employment. Brown argues that "by implication alone" Hawkins's employment search adversely affected her performance and prejudiced his case. Pet'r's Resp. 1. The Supreme Court of Virginia found that there was "no evidence to support [Brown's] contention that Hawkins was operating under a conflict of interest and [Brown] does not articulate how counsel's performance was affected by the alleged conflict. Thus, [Brown] has failed to establish either an actual conflict of interest or an adverse

13

effect on counsel's performance." R. No. 081054. These findings are entitled to deference under the AEDPA.

Brown provided no additional evidence in his federal habeas petition as to the existence of a conflict of interest or its adverse effect. Therefore, he cannot satisfy the two-part <u>Sullivan</u> test. First, Brown offered no evidence of an actual conflict of interest. To establish that an actual conflict of interest existed, Brown "must show that [his] interests [and his attorney's interests] 'diverge[d] with respect to a material factual or legal issue or to a course of action.'" <u>Gilbert v. Moore</u>, 134 F.3d 642, 652 (4th Cir. 1998) (quoting <u>Sullivan</u>, 446 U.S. at 356 n.3 (Marshall, J., concurring in part and dissenting in part)). Brown made no such showing.

Second, even assuming *arguendo* that an actual conflict of interest existed, Brown did not establish that the alleged conflict adversely affected Hawkins's performance. The only argument Brown proffered in support of his claim was that "implication alone" established adverse effect and prejudice. Pet'r's Resp. 1. It is well established that "[a]dverse effect cannot be presumed from the mere existence of a conflict of interest." <u>Rubin v. Gee</u>, 292 F.3d 396, 401 (4th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1048 (2002), (citing <u>Mickens v. Taylor</u>, 535 U.S. 162, 170-73 (2002)).

14

Therefore, even if Brown demonstrated an actual conflict of interest, there is no evidence that Hawkins's performance was adversely affected. Brown's conflict of interest claim is meritless.

As discussed above, Brown failed to show that the Supreme Court of Virginia's dismissal of claim (a) was either factually or legally unreasonable. Accordingly, this Court recommends that claim (a) be DENIED and DISMISSED.

### 2. Claim (b) - Ineffective Assistance of Trial Counsel

In claim (b), Brown alleges that his trial counsel, Meda, was ineffective because he failed to adequately argue that Brown was not in possession of the heroin found in his co-defendant's car.

The Supreme Court of Virginia held that Brown "satisfie[d] neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland." R. No. 081054. The Supreme Court of Virginia concluded that the record, including the trial transcript, indicated that there was sufficient evidence to support a finding that Brown was in constructive possession of the heroin found in the vehicle. Id. Because the Supreme Court of Virginia clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163.

This Court may not grant relief on any claim previously

15

adjudicated on the merits in state court unless the state court "decision was contrary to, or involved an unreasonable application of, clearly established [f]ederal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The Supreme Court of Virginia's rationale appears to be a reasonable application of <u>Strickland</u> and there is nothing to suggest that its adjudication was based on an unreasonable determination of the facts.

Brown suggests that the decision is unreasonable because his conviction was contrary to <u>Crisman v. Commonwealth</u>, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955), which held that mere speculation alone is insufficient to support a conviction for possession of illegal drugs. This argument is misplaced for three reasons. First, his claim in this habeas corpus proceeding is for ineffective assistance of counsel, which is decided under the <u>Strickland</u> standard and is not controlled by <u>Crisman</u>. Furthermore, Brown's reliance on <u>Crisman</u> relates to his assertion in claim (c) that the trial court erred in convicting him, and as discussed above, in Part II(B), that claim is procedurally defaulted. Second, <u>Crisman</u> is not controlling because it is based on Virginia state law and this Court may grant relief only if the state court decision is contrary to <u>federal</u> law. <u>See</u> 28 U.S.C. § 2254(d)(1). Finally,

16

<u>Crisman</u> is inapplicable because Brown's conviction was based upon more than mere speculation.  The Supreme Court of Virginia found that Detective G. B. Smith observed Brown "sniffing the contents of a capsule," which was later determined to contain heroin.  R. No. 081054.  Thus, the conclusion that Brown constructively possessed the drugs is based upon evidentiary proof and not mere speculation. <u>See</u> <u>Robbs v. Commonwealth</u>, 211 Va. 153, 156-57, 176 S.E.2d 429, 431-32 (1970).

As discussed above, Brown failed to show that the Supreme Court of Virginia's dismissal of claim (b) was either factually or legally unreasonable.  Accordingly, this Court recommends that claim (b) be DENIED and DISMISSED.

### III.  **RECOMMENDATION**

For the foregoing reasons, having found that Brown's claims (a) and (b) lack merit and claim (c) is not cognizable in a federal habeas petition, the Court RECOMMENDS that Brown's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Brown's claims be DISMISSED WITH PREJUDICE.

Brown failed to demonstrate "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any

17

certificate of appealability pursuant to Rule 22(b) of the Federal
Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S.
322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are
notified that:

1. Any party may serve upon the other party and file with the
Clerk specific written objections to the foregoing findings and
recommendations within ten (10) days from the date of mailing of
this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and
Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the
Federal Rules of Civil Procedure, plus three (3) days permitted by
Rule 6(d) of said rules. A party may respond to another party's
specific objections within ten (10) days after being served with a
copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of
those portions of this report or specified findings or
recommendations to which objection is made. The parties are
further notified that failure to file timely objections to the
findings and recommendations set forth above will result in a
waiver of the right to appeal from a judgment of this Court based
on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140,

18

153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984);

<u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).



UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 3, 2009

19

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ronald Lee Brown, #371120
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870
PRO SE

Donald Eldridge Jeffrey, III
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

September 3 , 2009

20