**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FILED
NOV 10
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

RONALD LEE BROWN, #371120,

    Petitioner,

v.                             ACTION NO. 2:09cv5

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

<u>FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on January 29, 2007, in the Circuit Court for the City of Portsmouth, Virginia, for one (1) count of possession with intent to distribute heroin, as a result of which he was sentenced to serve twenty-five (25) years in prison, of which five (5) years were suspended, and was fined $10,000.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on September 3, 2009, recommending dismissal of the petition. By copy of the report, each party was

advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On September 14, 2009, the Court received Petitioner's Objection to U.S. Magistrate Judge's Report and Recommendation. The Court received no response from Respondent.

The Court, having reviewed the record and examined the objections filed by Petitioner to the magistrate judge's report,[1] and having made *de novo* findings with respect to the portions objected to,[2] does hereby ADOPT AND APPROVE the findings and

---

[1] Petitioner objected to the following findings of the magistrate judge: (1) that trial counsel was not ineffective for failing to argue that Petitioner was not in possession of the heroin; (2) that claim (c) was procedurally defaulted; (3) that sentencing counsel was not ineffective for failing to note an appeal and was not operating under a conflict of interest; and (4) that an evidentiary hearing was not necessary.

[2] The Court rejects Petitioner's assertion that the magistrate judge erred in finding that trial counsel was not ineffective. Petitioner's objection focuses on the fact that he was convicted of possession of heroin with intent to distribute but he did not actually possess the drugs. Petitioner asserts that his attorney did not adequately argue this point at trial. However, this is merely a restatement of the claim in his petition, and Petitioner does not indicate how the magistrate judge's analysis is erroneous. As the magistrate judge properly found, there is insufficient evidence to demonstrate that the Supreme Court of Virginia's determination on the merits that counsel was not ineffective is unreasonable.

The Court rejects Petitioner's assertion that claim (c), which alleges insufficiency of the evidence, should not be dismissed on the basis of a procedural default. Petitioner makes much of the findings of the state courts that Petitioner was not in actual possession of the heroin, but was in constructive possession of the drugs. The continued emphasis on this finding appears to come from Petitioner's fundamental misunderstanding of constructive possession. In his objections, Petitioner argues that in order to be convicted based on constructive possession, "he first must be

charged and indicted upon same . . . ." Pet'r's Objections 1-2. Petitioner goes on to assert that "constructive possession and possession of heroin with intent to distribute is [sic] two separate and distinctive offenses with different punishments." Pet'r's Objections 2. Contrary to Petitioner's suggestion, constructive possession and possession with intent to distribute are not separate offenses. Rather, constructive possession is merely a method for proving that the defendant is guilty of the possession element of the crime. See Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871-72 (1998) ("In order to convict a person of illegal possession of an illicit drug, . . . proof of actual possession is not required; proof of constructive possession will suffice."); see also, e.g., Castaneda v. Commonwealth, 7 Va. App. 574, 584-85, 376 S.E.2d 82, 87 (1989) (affirming defendant's conviction for possession of cocaine with intent to distribute based on evidence of constructive possession); Wright v. Commonwealth, 53 Va. App. 266, 287, 670 S.E.2d 772, 782 (2009) (affirming defendant's conviction for possession of a firearm while possessing a controlled substance with intent to distribute based on evidence of constructive possession).

Regardless, the magistrate judge properly found that this claim was procedurally defaulted because it was not presented on direct appeal and, therefore, barred from state court review. See Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). The magistrate judge thoroughly considered the procedural default issue, including possible exceptions to the rule. Objecting to the magistrate judge's conclusion, Petitioner asserts for the first time that he is "absolutely 100% innocent of the crime upon which he stands convicted." (Pet'r's Objections 3.) Petitioner's claim of actual innocence was not initially raised in the instant habeas petition. Petitioner repeatedly asserted that the evidence was insufficient to convict him of possession with intent to distribute but at no time claimed that he is actually innocent of the crime. "Petitioner cannot alter his original claim by presenting new allegations after the Magistrate Judge has issued his Report and Recommendation." Grayson v. Stevenson, 2008 WL 5136226, *2 (D.S.C. Dec. 5, 2008) (citing Marshall v. Charter, 75 F.3d 1421, 1426 (10th Cir. 1996); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988); Borden v. Sec'y of Health & Human Servs., 826 F.2d 4, 6 (1st Cir. 1987)).

The Court rejects Petitioner's assertion that the magistrate judge erred in finding that Petitioner's sentencing counsel was not ineffective for failing to note an appeal or operating under a conflict of interest. Petitioner argues that the magistrate judge failed to consider all of the evidence, including the affidavits of

Petitioner and Ms. Kimberly White. Although the report and recommendation states that "Brown's only evidence is the conclusory statement that . . . 'petitioner clearly and explicitly notified his trial counsel . . . that he wished for her to note his appeal,'" Report & Recommendation 12, it is equally apparent that the magistrate judge actually considered the evidence identified by Petitioner. In fact, in the preceding paragraph, the report considers and quotes Petitioner's affidavit. Report & Recommendation 11-12. Upon conducting a de novo review, the Court finds that Petitioner's claim of ineffective assistance is meritless.

Appended to the pleadings in this case are an affidavit from Petitioner; an affidavit from Petitioner's sister, Ms. Kimberly White; an affidavit from Petitioner's counsel on appeal, Ms. Brenda C. Spry; an affidavit from Petitioner's sentencing counsel, Ms. Michelle Hawkins; a letter to Petitioner from Ms. Hawkins; and a letter from the Virginia State Bar. The affidavits from Petitioner and his sister, Ms. White, indicate that counsel was notified immediately after sentencing of Petitioner's desire to appeal. However, Ms. White's affidavit indicates that she, rather than Petitioner, told Ms. Hawkins of the Petitioner's desire to seek an appeal. The affidavit from Ms. Hawkins indicates that Petitioner was unsure about whether he wanted to pursue an appeal immediately after his sentencing. The affidavit also notes that Ms. Hawkins told Ms. White that the Petitioner would personally have to advise Ms. Hawkins of his desire to pursue an appeal. Ms. Hawkins followed up by way of a letter notifying Petitioner of his right to appeal and requesting that he advise her on how to proceed with his case. Petitioner's affidavit concedes that he did not respond to the letter because he "presumed that the appeal would be noted." Ms. Spry's affidavit simply restates the assertions of Petitioner and Ms. Hawkins and provides no additional factual evidence. The letter from the Virginia State Bar indicates that the First District Subcommittee conducted an investigation and found insufficient evidence to support Petitioner's complaint against Ms. Hawkins. It is clear that there is some evidence that Petitioner notified Ms. Hawkins of his desire to note an appeal. However, there is also evidence that Brown did not clearly request that an appeal be filed on his behalf. Based on this evidence, the Court finds that Petitioner has not presented the clear and convincing evidence required to rebut the Supreme Court of Virginia's conclusion that Petitioner failed to objectively demonstrate his intent to file an appeal. See Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Finally, the Court rejects Petitioner's assertion that the magistrate judge's determination that an evidentiary hearing was

recommendations set forth in the report of the United States Magistrate Judge filed on September 3, 2009, and it is, therefore,

ORDERED that the petition be DENIED AND DISMISSED as claims (a) and

---

unnecessary was erroneous. Petitioner requested an evidentiary hearing on the claim that Ms. Hawkins was operating under a conflict of interest because she was seeking employment with the Office of the Commonwealth's Attorney. (Pet'r's Resp. Resp't's M. Dismiss 2.) "[A] district court may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief' and has 'etablish[ed] one of the six factors set forth in Townsend v. Sain, 372 U.S. 293 (1963).'" Robinson v. Polk, 438 F.3d 350, 368 (4th Cir. 2006) (quoting Fullwood v. Lee, 290 F.3d 663, 681 (4th Cir. 2002)). In this federal habeas proceeding, Petitioner alleged that at the time Ms. Hawkins was representing Petitioner, she was also "seeking employment with the Commonwealth's Attorney's Office and subsequently employed to this date." (Pet'r's Resp. Resp't's M. Dismiss 1.) Petitioner further alleged that "[b]y implication alone and prejudice to petitioner's right to a fair trial is obvious, and both prongs in Strickland has (sic) been met." Id. at 1-2. It is clear that the same facts regarding Ms. Hawkins's employment with the Office of the Commonwealth's Attorney were presented at the state habeas corpus proceeding. See Brown v. Warden, Greensville Corr. Ctr., No. 81054, slip op. at 1 (Va. Nov. 20, 2008) ("Petitioner contends that counsel, Michelle Hawkins, operated under a conflict of interest because she was seeking employment with the Office of the Commonwealth's Attorney and was ultimately hired as an Assistant Commonwealth's Attorney."). Petitioner alleged no additional facts about Ms. Hawkins's employment search or how it allegedly created a conflict of interest in her representation of Petitioner at sentencing, therefore, he was not entitled to an evidentiary hearing on his claim. See Robinson, 438 F.3d at 368 (denying an evidentiary hearing where the petitioner "alleged the *same* facts that had been alleged before the [post-conviction] court"); Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998) (denying petitioner's request for an evidentiary hearing because he "failed to forecast any evidence beyond that already contained in the record, or otherwise to explain how his claim would be advanced by an evidentiary hearing"), overruled on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000); Bennett v. Angelone, 92 F.3d 1336, 1347 (4th Cir. 1996) (denying petitioner's request for an evidentiary hearing because he "add[ed] nothing 'additional' to the factual mix already before the district court").

(b) are without merit and claim (c) is procedurally defaulted before this Court. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 10, 2009